## A89A2044. VANHOUTEN v. THE STATE.
(389 SE2d 534)

DEEN, Presiding Judge.

Donald Vanhouten appeals from his conviction of driving under the influence of alcohol.

The evidence showed that on September 25, 1986, the defendant was found slumped over the steering wheel of his car, which had struck a utility pole. The investigating officer noticed that he suffered facial injuries, which were consistent with striking one's face on the steering wheel. The officer also noticed an odor of alcohol about the defendant. Vanhouten told the officer that he had run off the road to avoid hitting a deer. After Vanhouten was transported to the hospital, the officer investigated the accident and interviewed a woman who had witnessed it. She testified at trial and stated that she saw only one person in the vehicle and that after striking the pole the driver attempted to leave the scene. Further investigation by the officer revealed no deer tracks at the accident scene, that the car had travelled 126 feet on the shoulder of the southbound lane before it crossed the

centerline broadside, and that it ran along a ditch for some distance before striking the pole. There was no evidence that the car's brakes were applied.

The officer went to the emergency room, where the defendant was being treated for his facial lacerations. He arrested Vanhouten for driving under the influence and read him his implied consent rights. Vanhouten refused to take any test that would determine his blood alcohol level. A second officer, who arrived to assist the arresting officer and put the defendant in a patrol car because he had become very foul-mouthed and belligerent, testified that he knew the defendant personally and detected an odor of alcohol about him, and that, based on his personal knowledge of the defendant, he was not behaving normally and appeared to be extremely intoxicated. In order to get the defendant out of the hospital and into the patrol car, the officers had to hook their arms in his, pick him up, and escort him out the door. It was only after his arrest that appellant claimed someone else was driving his car.

1. Appellant first contends that the court erred in denying his motion for a directed verdict of acquittal because the State presented no evidence that the accusation was filed within two years after the date of the offense alleged therein.

The accusation in question does not show a filing date on the space provided for the clerk of the superior court to make this notation. The trial court heard testimony on this issue from the deputy clerk at a pre-trial motion hearing. The clerk testified that an error had been made, that the accusation did not have evidence of filing on its face; but it had in fact been filed as evidenced by the docket number assigned to it and that it had been filed at the November 1986 term. This information appears on the face of the accusation. In November of 1987 a motion for a speedy trial was heard on the case, the case was on the trial calendar, and a notice of appeal on the ruling on the motion shows the docket number.

It is the duty of the clerk of the superior court to see that accusations presented to him by the District Attorney for filing are properly filed in his office. The clerk is also required to maintain a criminal docket which contains a summary record of all accusations filed in his office. See OCGA § 15-6-61. As this case was entered on the criminal docket and the date of this entry was proven to the satisfaction of the trial court, we find no error in denying the motion for a directed verdict on this issue.

2. It was not error for the trial court to refuse to admit the transcript of the testimony of a deceased witness given prior to trial at an administrative hearing before the Department of Public Safety. The hearing was conducted at the defendant's request.

The issue at the administrative hearing, which was conducted by

the Georgia State Patrol, was whether appellant had violated OCGA § 40-5-55 (c) and (d), the implied consent law. The arresting officer appeared as a witness, and no one from the District Attorney's office appeared on behalf of the State. Indeed, there is testimony from the District Attorney that his office was never notified of the hearing.

OCGA § 24-3-10 permits the introduction of testimony of a deceased witness at a former trial, "which was given under oath on a former trial upon substantially the same issue and between substantially the same parties." Applying this rule, we find that while the State was a party to the evidentiary hearing in that it was conducted by the Georgia State Patrol, the issue was whether Vanhouten's driver's license should be revoked for failure to comply with the implied consent law. Vanhouten offered two witnesses to testify that they had seen him in the presence of another man who was driving his car about one hour before the accident occurred. One of the witnesses died prior to trial.

"[T]he purpose for requiring that the former testimony had been received in a proceeding having substantially the same issue and parties is to ensure that the party against whom the testimony is now offered had an opportunity adequately to cross-examine the witness at the previous proceeding. [Cits.]" *Prater v. State*, 148 Ga. App. 831, 836 (253 SE2d 223) (1979). This rule does not demand that all the issues or parties be the same but requires only that the issue on which the testimony was offered in the first suit be the same as the issue upon which it is offered in the second. Id.

At the administrative hearing there was prima facie evidence offered that appellant had refused to take any type of test to determine his blood alcohol level. He exercised his right to a hearing on this issue and presented a witness who testified that about one hour before the accident he saw the defendant sitting on the passenger side of his car and that the driver was a third party.

The arresting officer testified that Vanhouten claimed that another person was driving his car only after he was arrested. As the issue in the hearing was solely to determine certain facts concerning the defendant's refusal to take a chemical test under the implied consent law, which would determine whether his driver's license would be suspended for six months, the issue was not the same as that for which he was tried. Even assuming that under the rule set forth in *Prater*, supra, that the issue and even the parties could be considered to be the same, the State did not have the right of cross-examination, which is crucial to the admission of this evidence. The State was not represented at the hearing, and the District Attorney's office received no notice of it.

3. The general grounds are without merit. From the evidence adduced at trial, we find that a rational trier of fact could find the de-

fendant guilty beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

4. Appellant finally contends that the trial court erred in overruling his motion for a mistrial because the trial judge made improper comments on the evidence to the jury when giving the court's charge about the accusation having been filed by the District Attorney's office. The court gave the standard jury charge on the filing of an accusation. We find no error, as this issue was not raised at any point during·the trial except in the motion for a directed verdict, which referred to the pre-trial hearing. The court had determined at the pre-trial motion hearing that there was evidence that the case had been docketed and permitted the issue to be joined for trial. The jury was therefore authorized to use the face of the accusation to find that the case had been brought within the statute of limitation. There is no merit in this enumeration.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED DECEMBER 1, 1989 —
REHEARING DENIED DECEMBER 13, 1989 ▉▉▉▉▉▉

*Virgil L. Brown & Associates, Virgil L. Brown, Bentley C. Adams III*, for appellant.

*W. Fletcher Sams, District Attorney, J. David Fowler, Assistant District Attorney*, for appellee.