## A92A2206. GREEN v. THE STATE.
### (429 SE2d 169)

COOPER, Judge.

Appellant was convicted by a jury on misdemeanor charges of driving under the influence, driving too fast for conditions and striking a stationary object. He appeals from the judgment and sentence entered on the conviction, raising as his sole enumeration of error the trial court's exclusion of the transcript from appellant's implied consent hearing.

Viewed in a light most favorable to the jury's verdict, the evidence adduced at trial reflects that on March 23, 1991, an officer with the Lee County Sheriff's Department responded to a call about an automobile accident. When the officer arrived at the scene, he discovered a Jeep Cherokee which had struck a tree resting in a ditch along the roadway. There was no one in the area of the Cherokee, but the officer received information that Emergency Medical Services had transported appellant to the local emergency room. The officer noticed that the windshield on the driver's side of the Cherokee was cracked in a manner consistent with a person's head having struck the windshield and that the steering wheel was bent, indicating that a person's legs may have been forced upward into the wheel. The officer went to the emergency room and saw appellant who was sitting on the examination table with his head bleeding and complaining that his chest and legs hurt. Appellant smelled of alcohol and exhibited physical signs of alcohol intoxication such as slurred speech and dilated pupils. In response to the officer's question regarding what happened to him, appellant stated "I guess I went to sleep." Appellant first agreed to submit to a blood test but subsequently changed his mind. Later that day, Officer Bass, who had known appellant for about three years, went to the hospital to talk to appellant. He noticed that in addition to a cut on his forehead, appellant showed signs of alcohol intoxication and had the imprint of a steering wheel on his chest as well as bruised knees. In response to Officer Bass' question about what happened, appellant stated: 'I must have went to sleep and run off the road." Appellant also told Officer Bass that Michael Byrd had been in the vehicle with him and that prior to the accident they had both been at a club drinking. The Cherokee was registered to Byrd's stepfather, who along with Byrd's mother, had been at the same club earlier. Byrd's mother and stepfather left the club with another couple and left the keys to the Cherokee with Byrd. Appellant testi-

fied at trial that he did not remember the accident but that when he and Byrd left the club, Byrd was driving the Cherokee. Both officers testified at trial that based on appellant's injuries, the condition of the Cherokee and their experience in investigating traffic accidents, they were of the opinion that appellant had been driving the Cherokee at the time of the accident.

During his opening statement, appellant's attorney began to refer to statements made by Michael Byrd the night of the accident. The prosecutor objected on the ground that any statements made by Michael Byrd were hearsay since Byrd was not in court to testify. Appellant's attorney responded that he intended to read into evidence Byrd's testimony at the implied consent hearing. The prosecutor then stated that he had not had an opportunity to cross-examine the witness, and the trial judge ruled that Byrd's testimony at the implied consent hearing was inadmissible and directed appellant's attorney not to make any further reference to statements made by Byrd.

OCGA § 24-3-10 provides that "[t]he testimony of a witness since deceased, disqualified, or inaccessible for any cause which was given under oath on a former trial upon substantially the same issue and between substantially the same parties may be proved by anyone who heard it and who professes to remember the substance of the entire testimony as to the particular matter about which he testifies." Appellant argues that the trial judge erred in excluding the testimony from the implied consent hearing because Byrd was inaccessible as required by OCGA § 24-3-10. The prosecutor stated that Byrd had been subpoenaed and was in Mississippi. However, pretermitting whether Byrd was inaccessible, OCGA § 24-3-10 requires that the former testimony must have been given in a proceeding having substantially the same issue and parties. The purpose for that requirement is " 'to ensure that the party against whom the testimony is now offered had an opportunity adequately to cross-examine the witness at the previous proceeding. (Cits.)' [Cit.]" *Vanhouten v. State,* 193 Ga. App. 871, 873 (2) (389 SE2d 534) (1989). "As the issue in the [implied consent] hearing was solely to determine certain facts concerning the [appellant's] refusal to take a chemical test under the implied consent law, . . . , the issue was not the same as that for which he was tried." *Vanhouten,* supra. Furthermore, appellant failed to establish that the State had an opportunity to cross-examine Byrd at the hearing. Accordingly, we conclude that the trial court did not abuse its discretion in excluding the former testimony.

*Judgment affirmed. McMurray, P. J., and Blackburn, J., concur.*

DECIDED MARCH 12, 1993.

*Ralph L. Phillips*, for appellant.
*John R. Parks, District Attorney, Henry O. Jones III, Assistant District Attorney*, for appellee.